IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRIE JO PLOTT KIRBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 00009 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lorrie Jo Plott Kirby's claim for Disability Insurance Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for summary judgment or remand is granted in part and denied in part.

## PROCEDURAL HISTORY

On August 24, 2010, Plaintiff filed her claim alleging disability since June 9, 2009. Her past relevant work includes work as an administrative assistant. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 19, 2012. Plaintiff personally appeared and testified at the hearing and was

represented by counsel. Medical expert Dr. Ashok Jilhewar, M.D. and vocational expert Caroline Ward Nice also testified.

On August 24, 2012, the ALJ issued a partially favorable decision on Plaintiff's claim for Disability Insurance Benefits, finding that Plaintiff was disabled under the Social Security Act beginning November 23, 2011, but not before that date. After noting that Kirby met the insured status requirements through December 31, 2014, the ALJ proceeded through the five-step sequential evaluation process required by Social Security regulations. *See* 20 C.F.R. § 404.1520 and 416.902(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 9, 2010, her alleged onset date. At step two, the ALJ found that Plaintiff had the severe impairments of chronic pain syndrome due to fibromyalgia; obesity and status post-gastric bypass surgery; degenerative disc disease of the lumbar spine with radiculopathy; degenerative arthritis of the right knee; hypertension; De Quervain's synovitis. The ALJ further found that as of November 23, 2011, Plaintiff had the additional impairment of a cognitive disorder. The ALJ determined at step three that her impairments, alone or in combination, did not meet or medically equal the severity of a listed impairment. *See* C.F.R. Part 404, Subpt. P, App. 1.

Before step four, the ALJ found that prior to November 23, 2011, Kirby had the residual functional capacity ("RFC") to perform sedentary work, subject to limitations allowing her the option to stand or sit at will; never climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs, balancing, and stooping;

never crouching or kneeling; frequently performing gross and fine manipulations; avoiding concentrated exposure to unprotected heights; and no commercial driving. Beginning on November 23, 2011, the ALJ found that Plaintiff's RFC included the additional limitation to work involving simple, routine, and repetitive tasks. Based on this RFC, the ALJ found that prior to November 23, 2011, Plaintiff could perform her past relevant work as an administrative assistant, leading to a finding that she was not disabled under the Social Security Act at that time. However, beginning on November 23, 2011, her RFC precluded her past relevant work. Finally, at step five, the ALJ found that after November 23, 2011, considering Plaintiff's age, education, work experience, and RFC, there were no jobs existing in significant numbers in the national economy that Plaintiff could perform, leading to a finding of disability as of that date.

The Social Security Administration Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## DISCUSSION

### I.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial

evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## II. ANALYSIS

Plaintiff argues that the ALJ's decision was not based upon substantial evidence because he failed to build a logical bridge between the evidence and his conclusion that Kirby's period of disability began on November 23, 2011.

In finding that Kirby's cognitive impairments began on that date, the ALJ relied on a May 23, 2012 psychological report prepared by Kelly Renzi, Psy. D.,[1] which documented marked limitations in Plaintiff's ability to remember, understand, and carry out complex job instructions. The ALJ concluded that the report limited Kirby to simple, unskilled work. In establishing the onset date of November 23, 2011, the ALJ noted that "[i]t is reasonable to conclude that the additional impairments can be found to have existed six months prior to that examination." (R. 28.)

---

[1] The ALJ's decision refers to it as a report by Dr. John L. Peggau, Psy.D., and his name is on the header of the document. However, the report itself was authored by Dr. Renzi.

Plaintiff argues that the ALJ's onset date determination was defective for a number of reasons, including that it was arbitrary and was not supported by any rationale or evidence, and that it improperly disregarded her subjective claims that her cognitive deficits existed on her alleged onset date of June 9, 2010. The Commissioner responds that there is no medical evidence of cognitive problems before the May 23, 2012 report, and that the ALJ reasonably concluded the impairments began six months prior to the evaluation.

The Court agrees that the ALJ's determination of Kirby's onset was not supported by substantial evidence. First, the date chosen by the ALJ appears to be completely arbitrary. There was no evidence or testimony from the medical expert opining that the symptoms likely would have manifested six months before the psychological test was administered. Second, the ALJ did not consider or even mention Plaintiff's subjective complaints about her mental functioning. At the hearing, she testified that "the number one" reason she cannot work "is I can't think anymore. My brain is fogged." (R. 42.) She also gave the ALJ concrete examples of how her poor memory and concentration affected her at her job, which obviously was before the alleged onset date. (R. 50-51.) She reported to her physician on June 2, 2011 that she has "difficult[y] maintaining alertness during the daytime or performing certain tasks that require high-level concentration." (R. 359.) The Commissioner argues that Plaintiff's subjective reports were the only evidence prior to May 23, 2012, but offers no case law supporting the notion that cognitive impairments can only be proven with a medical examination.

The ALJ's disregard of Plaintiff's subjective account of her cognitive symptoms is particularly troublesome due to the ALJ's faulty credibility analysis. An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that in assessing the credibility finding, courts do not review the medical evidence *de novo* but "merely examine whether the ALJ's determination was reasoned and supported"). However, an ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez* ex rel. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887-88); *see* SSR 96-7p. The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005).

The ALJ's entire credibility analysis stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible prior to November 23, 2011, to the extent they are inconsistent with the residual functional capacity assessment.

(R. 27.)

This boilerplate credibility template has been roundly criticized by the Seventh Circuit, which has noted that although "the assessment of claimant's ability to work will often . . . depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms," the template "implies that the ability to work is determined first and is then used to determine the claimant's credibility." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). The template is thus inconsistent with SSR 96-7p(4),[2] which states that a claimant's statements about the intensity or persistence of symptoms cannot be disregarded solely because they are not substantiated by objective medical evidence. *Bjornson*, 671 F.3d at 646; SSR 96-7p(4); *see Hall v. Colvin*, 778 F.3d 688, 689 (7th Cir. 2015).

The case therefore must be remanded in order to allow the ALJ the opportunity to more fully consider the onset date, with particular attention to Plaintiff's credibility with respect to her cognitive deficits.

---

[2] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

## CONCLUSION

For the foregoing reasons, Plaintiff's request for summary judgment or remand is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                             **ENTERED:**

**DATE:**    **March 2, 2016**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**